IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51251
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO NARANJO-ALANIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CR-369-1-WWJ
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Rigoberto Naranjo-Alanis appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. He contends that the sentence is invalid because it exceeds the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a). Naranjo-Alanis complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior deportation following an aggravated felony conviction. He argues that the sentencing provision violates the Due Process

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clause.  Alternatively, Naranjo-Alanis contends that 8 U.S.C.
§ 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses.  He
argues that the aggravated felony conviction that resulted in his
increased sentence was an element of the offense under 8 U.S.C.
§ 1326(b)(2) that should have been alleged in his indictment.

In Almendarez-Torres v. United States, 523 U.S. 224, 235
(1998), the Supreme Court held that the enhanced penalties in
8 U.S.C. § 1326(b) are sentencing provisions, not elements of
separate offenses.  The Court further held that the sentencing
provisions do not violate the Due Process Clause.  Id. at 239-47.
Naranjo-Alanis acknowledges that his arguments are foreclosed by
Almendarez-Torres, but asserts that the decision has been cast
into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).
He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi,
530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984
(5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This court
must follow Almendarez-Torres "unless and until the Supreme Court
itself determines to overrule it."  Dabeit, 231 F.3d at 984
(internal quotation marks and citation omitted).  The judgment of
the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of
filing an appellee's brief.  In its motion, the Government asks
that the judgment of the district court be affirmed and that an
appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.